IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CRAIG WILLIAM BARE,<br><br>                  Plaintiff,<br>v.<br><br>BRAND ENERGY & INFRASTRUCTURE SERVICES,<br><br>                  Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>Case No.  2:09-cv-807<br><br>District Judge David Nuffer |

      Plaintiff Craig William Bare asserts claims in this matter for negligence and respondeat superior against Defendant Brand Energy & Infrastructure Services (Brand Energy) arising out of a construction accident on October 27, 2008.  A Brand Energy employee, who was working on scaffolding above Bare, threw a two-foot-seven-inch pipe to another Brand Energy employee.  The pipe did not reach its intended target, but rather fell from above and hit Bare on his right shoulder and elbow.  Brand Energy has conceded liability in this case, leaving only the issue of what damages, if any, were sustained by Bare as a result of the accident.

      Brand Energy has moved for summary judgment on grounds that Bare has failed to designate an expert witness as to medical causation, without which Bare's negligence claim fails as a matter of law.[1]  Bare responds by pointing to his discovery pleadings, including initial disclosures and interrogatory responses, in which he referenced physicians who have treated him for injuries allegedly resulting from the accident.  Bare's discovery statements and responses

---

[1] *See Fox v. Brigham Young Univ.*, 176 P.3d 446, 452 (Utah Ct. App. 2007) ("[W]here the injury involves obscure medical factors which are beyond an ordinary lay person's knowledge, necessitating speculation in making a finding, there must be expert testimony that the negligent act probably caused the injury.") (internal quotations omitted).

identifying his treating physicians as persons with discoverable information and/or documents do not satisfy the expert disclosure requirements of Fed. R. Civ. P. 26(a)(2).

However, Bare did send a copy of the expert report of Dr. Brent Miller to Brand Energy's counsel on June 27, 2011,[2] nearly a year before the deadline for plaintiff's expert reports.[3] In conjunction with his later supplemental disclosure,[4] this constitutes a sufficient expert disclosure for purposes of Fed. R. Civ. P. 26(a)(2). As an orthopedic surgeon specializing in upper extremities, who has published extensively concerning carpal tunnel syndrome,[5] Dr. Miller is qualified to testify concerning the injuries allegedly sustained by Bare to his elbow, including any nerve damage. Dr. Miller has opined that Bare's injuries resulted from the October 27, 2008 incident, rather than any pre-existing condition.[6] This is sufficient to support Bare's claim that the October 27, 2008 incident caused his alleged injuries for purposes of summary judgment. Accordingly, Brand Energy's summary judgment motion must be denied.

**ORDER**

IT IS THEREFORE ORDERED that Brand Energy's Motion for Summary Judgment (docket no. 50) is DENIED.

Dated October 18, 2012.

BY THE COURT:

David Nuffer
United States District Judge

---

[2] May 31, 2011 expert report, docket no. 56-1 at ex. I, filed on Jun. 29, 2012.  June 27, 2011 letter, docket no. 56-2 at ex. L, filed on Jun. 29, 2012.

[3] Order Granting Stipulated Motion and Amended Scheduling Order, docket no. 45, filed on Feb. 29, 2012.

[4] Plaintiff's Supplemental Disclosures Under Rule 26(e), docket no. 67, filed on Jul. 30, 2012.

[5] Curriculum Vitae of Dr. Brent Miller, docket no. 67-1, filed on Jul. 30, 2012.

[6] May 31, 2011 expert report at 6-8, docket no. 56-1 at ex. I, filed on Jun. 29, 2012.