IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CRAIG WILLIAM BARE,<br><br>              Plaintiff,<br>v.<br><br>BRAND ENERGY & INFRASTRUCTURE SERVICES,<br><br>              Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S EXPEDITED MOTION FOR PROTECTIVE ORDER AND TO ENFORCE SCHEDULING ORDER<br><br>Case No. 2:09-cv-807-DB-BCW<br><br>District Judge David Nuffer<br><br>Magistrate Judge Brooke C. Wells |

This matter has been referred to Magistrate Judge Brooke C. Wells pursuant to 28 U.S.C. §636(b)(1)(A).[1] Before the Court is Defendant Brand Energy & Infrastructure Services' ("Brand Energy") Expedited Motion for Protective Order and to Enforce Scheduling Order.[2] The Court has carefully reviewed the Motion and Memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice ("Local Rules"), the Court elects to determine the Motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary.[3]

## BACKGROUND

Brand Energy seeks an order protecting against the production of documents requested by a subpoena Plaintiff ("Bare") has served upon third-party Granite Services ("Granite"). Brand Energy also requests that the Scheduling Order in this case be enforced.[4] Brand Energy believes that Bare's subpoena to Granite is inappropriate because it requests fact discovery nearly five

---

[1] Docket nos. 39-40.

[2] Docket no. 69.

[3] See DUCivR 7-1(f).

[4] Docket no. 69.

months after the deadline for such discovery and because Bare did not comply with the subpoena requirements of the Federal and Local Rules of Civil Procedure.[5]  Brand Energy also requests expenses and attorney's fees in having to bring this Motion.

This case arises out of a construction accident that occurred when a Brand Energy employee, who was working on scaffolding above Bare, threw a pipe to another Brand Energy employee and struck Bare on his right shoulder and elbow.  Granite, who was Bare's employer at the time of the accident is not a party to this lawsuit.  On February 12, 2012, Granite was subpoenaed by Brand and has also been deposed by Brand Energy under a 30(b)(6) deposition.  The subpoena, issued by Brand Energy to Granite requested the following as it related only to Plaintiff Craig Bare:

> Produce copies of personnel file, performance, appraisals, evaluations, reports/records of disciplinary actions/warnings, application(s), all training courses attended, payroll data, time cards and termination and any other records in your control or possession.[6]

The 30(b)(6) deposition of Brand took place on March 26, 2012.  The attorney for Bare, Marlin Grant ("Attorney Grant") did not attend the deposition in person but participated by telephone.

Also during the discovery period (November 30, 2011), Attorney Grant identified and provided the statements (via email to attorneys for Brand Energy) of two Granite employees, Mick Tucker and Dave Farrar.  In their statements, these two individuals provided information regarding Bare's potential wages with Granite; however, neither Mr. Tucker nor Mr. Farrar were deposed by either party.[7]

---

[5] See Fed. R. Civ. P. 45(b)(1) and DUCivR. 45-1.

[6] Exh. 4, docket no. 70.

[7] Exh. 3, docket no. 70.

2

The fact discovery deadline in this case was April 23, 2012.[8] Expert discovery expired on August 25, 2012.[9] On October 18, 2012, District Judge David Nuffer issued a Memorandum Decision and Order denying Brand's Motion for Summary Judgment.[10] Trial is set in this case for February 19, 2013.[11]

Bare's subpoena duces tecum to Granite is dated September 14, 2012.[12] The subpoena requests records regarding Granite's employees Mick Tucker and David Farrer as well as general employment information regarding all "millwrights" that Granite has employed or currently employs.[13] Specifically, the requests contained within the subpoena can be paraphrased as follows:

> All records pertaining to DAVID FARRAR's [and MICK TUCKER's] employment, including but not limited to the dates of [their] employment with Granite and any training [they] received, position hired for, starting salary, and copies of all…W-2 forms from 2008 to 2012.
>
> The total number of Granite employees and or subcontractors working as [millwrights] from January 1 [2008] to [present]. Please provide official company records to verify this information.
>
> The average wage Granite paid employees and or subcontractors working as millwrights from January 1 [2008] to [present]. Please provide official company records to verify this information.[14]

Upon receiving the subpoena via USPS mail on September 17, 2012, Brand Energy faxed a letter to Bare, indicating that Bare's subpoena was untimely and therefore improper.[15] Also on

---

[8] See Amended Scheduling Order, docket no. 45.

[9] Id.

[10] Docket no. 78.

[11] Docket no. 45.

[12] Exh. 9, docket no. 70.

[13] Id.

[14] Id.

[15] See docket no. 70 at 6.

the 17th, Attorney Grant responded to Brand Energy's letter via email indicating that he would not withdraw the subpoena as he believed the subpoena was proper because Bare was not seeking fact discovery. On September 18th counsel for Brand Energy responded to Attorney Grant and again stated that they believed the subpoena was improper and were "surprised that [Attorney Grant] would require our clients to incur the cost of fighting it."[16] Attorney Grant responded again to email indicating the information sought would be used to verify the testimonies of Mr. Tucker and Mr. Farrar. Specifically, Attorney Grant stated that "[e]ither way, the testimony is going to get in and we should see what it represents now rather than later. I would therefore ask you to reconsider."[17] Granite has not objected to this subpoena.

Thus, through its Motion, Brand Energy seeks to enforce the scheduling order in this case by protecting Granite from disclosure of documents Bare has requested through a subpoena served after the fact discovery deadline. If the documents have already been produced, Brand Energy requests that they not be used at trial.

Through his opposition memorandum, Bare asserts that the information sought from Granite is not "new fact discovery" but instead the subpoena "seeks documents to serve demonstrative purposes at trial and verify expected witness testimony."[18] Also, Bare argues that Brand Energy does not have standing to challenge the subpoena because it was issued to a third party. Further, Bare asserts that "Defendant Brand has previously (February 1, 2012) subpoenaed the information [from Granite] Plaintiff Bare now seeks[]" and "Brand has failed to provide Plaintiff Bare with the information obtained from Defendant's subpoena to Granite."[19]

---

[16] Docket no. 70 at 6.

[17] See Exh. 11, docket no. 70.

[18] Docket no. 71.

[19] Docket no. 71.

Brand Energy's Reply Memorandum points out that Bare's subpoena to Granite requests different records than Brand Energy's subpoena to Granite. Brand Energy also denies the allegation that it did not provide the records from Granite to Bare and attaches email correspondence that demonstrates Brand Energy's emails to Attorney Grant attaching documents.[20] Brand Energy also points out that many of the documents it received from Granite were used during the 30(b)(6) deposition of Granite and Attorney Grant should have received the deposition transcript that contains such documents.[21]

## ANALYSIS

### I. Brand Energy's Standing to Challenge Bare's subpoena to Granite.

Bare argues that Brand Energy does not have standing to challenge the subpoena issued to a third party. While it is true that generally a party does not have standing to object to a subpoena issued to a third party, unless the party challenging the subpoena has a personal right or privilege with respect to the subject matter sought by the subpoena.[22] However, while Brand Energy may not have standing to challenge the alleged subpoena, both the Federal and Local Rules of Civil Procedure allow the Court to issue just orders if a party fails to obey a scheduling order.[23]

### II. Failure to Provide Prior Notice of Subpoena

Rule 45(b)(1) of the Federal Rules of Civil Procedure provides that "[p]rior notice of any commanded production of documents…shall be served on each party in the manner prescribed

---

[20] Docket no. 74.

[21] Docket no. 74.

[22] Smith v. Midland Brake, Inc., 162 F.R.D. 683, 685 (D. Kan. 1995); see also Windsor v. Martindale, 175 F.R.D. 665, 668 (D. Colo. 1997).

[23] See Fed. R. Civ. P. 16(f)(1)(c)(stating "on motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney…fails to obey a scheduling or other pre-trial order."); DUCivR 1-2("The court, on its on initiative, may impose sanctions for violations of these civil rules.")

by Rule 5(b)." The Tenth Circuit has held that "Rule 45(b)(1) requires notice to be given *prior* to service of a subpoena."[24] In Butler, the 10th Circuit observed that "the 1991 Advisory Committee Notes to Rule 45 indicate that the purpose of the notice requirement is to provide opposing parties an opportunity to object to the subpoena."[25] Moreover, the Local Rule DUCivR 45-1 provides in pertinent part that "[s]ervice on parties under Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) shall be made at least eight (8) days prior to service of the subpoena on the non party."

In this case, it is undisputed that Bare failed to provide adequate notice to Brand Energy prior to service of the subpoena on Granite as required by the Federal and Local Rules. Brand Energy therefore contends that the subpoena should be quashed for Bare's failure to comply with the notices requirements contained within the rules.

Here, it is uncontested that Bare failed to comply with the notice requirements set forth in the rules of the Court. However, in accordance with at least one other court in this district the subpoena in this case will not be quashed solely based upon the fact that the notice requirements were not met where the opposing party has had a sufficient opportunity, albeit after the subpoena had been served, to object to the subpoena.[26] Thus, although Bare's failure to follow the rules of the Court is not looked upon favorably, on this basis alone the subpoena served upon Granite will not be quashed.

### III.    Untimeliness of Bare's Subpoena

In its Motion for Protective Order, Brand Energy argues that because Bare's subpoena to Granite was served well after the fact discovery deadline, Granite should be protected from production of documents under Bare's subpoena and if already produced, the documents should

---

[24] Butler v. Biocore Med. Techs., Inc., 348 F.3d 1163, 1173 (10th Cir. 2003)(emphasis added).

[25] Id.

[26] See Richards v. Convergys Corp., Nos. 2:05-cv-790-DAK, 2:05-cv-812-DAK, 2007 WL 474012 at *2 (D. Utah 2007).

not be allowed to be used at trial. Bare, for its part, contends that the subpoena did not seek fact discovery but instead sought documents that will be used as exhibits at trial by witnesses that were previously disclosed by Bare. Also, Bare contends that the documents it requested from Granite are the same documents that Brand Energy previously sought from Granite via subpoena.

Rule 37 of the Federal Rules of Civil Procedure governs the awarding of sanctions for failure to cooperate in discovery. With regard to protective orders, Rule 37(a) provides in relevant part:

> [i]f the motion [for protective order] is granted…the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party *or the attorney advising the conduct*, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.[27]

Upon review of Brand Energy's motion and memoranda, the Court concludes that (1) Brand Energy through its faxed letter and email correspondence attempted in good faith to confer with Attorney Grant regarding the untimeliness of the subpoena that was in clear violation of the Court's scheduling order. Thus, Brand Energy attempted to get the issue resolved without Court intervention through both written and email correspondence with Attorney Grant before the filing of the instant motion[28]; (2) Bare's repeated attempts to re-characterize the information sought by the subpoena as not being fact discovery is not substantially justified. The Court finds that the information sought through the subpoena is fact discovery. Were it any other way, scheduling orders that set a strict deadline for fact discovery would be meaningless; (3) there are not other circumstances that make such an award unjust. To the contrary, the facts suggest that

---

[27] Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).

[28] See Exh. 10, docket no. 70.

the award of expenses and attorney's fees is warranted in this case.[29] The information sought through Bare's subpoena is not entirely the same information that was sought by Brand Energy as Bare suggests within his opposition memorandum. While there may be some overlap with regard to wage information for Plaintiff Bare who was employed as a millwright during the time period sought by Bare, the subpoenas clearly have a different focus. Brand Energy's subpoena focuses only on information relating to the Plaintiff, Craig Bare while Bare's subpoena does not seek information about Mr. Bare specifically, but rather seeks information about two other Granite employees and information related to other millwrights employed by Granite.

Further, despite the email evidence that suggests that Brand Energy sent the documents it received from Granite to Attorney Grant, the subpoenas are so different in scope that it is unlikely that Bare would have received all of the information it sought through its subpoena from the documents received from Granite by Brand Energy. Also, if Bare did in fact not receive documents from Brand Energy, the proper remedy is not to subpoena Granite after the fact discovery period had expired.

Nevertheless, the fact remains that Bare issued a subpoena requesting fact discovery approximately five months after the deadline for fact discovery and did not comply with the subpoena notice requirements set forth in the Federal and Local Rules of Civil Procedure. Bare has not provided any valid reasons for this tardiness and disregard of the Court's rules and orders. Moreover, the use of a subpoena this late into the case to obtain trial exhibits is not a valid excuse to allow Bare's subpoena to Granite without penalty. This information should have

---

[29] In fact, were this not a Motion filed under Rule 37 of the Federal Rules of Civil Procedure which is excluded from the scope of Rule 11 of the Federal Rules of Civil Procedure, a Rule 11 Order for Sanctions may have been appropriate as Attorney Grant's factual contentions contained within Bare's Opposition Memorandum relating to the scope of the subpoenas and not receiving documents from Brand Energy lack evidentiary support. This sort of conduct appears to be exactly the sort of conduct that is prohibited by Rule 11. See Fed. R. Civ. P. 11(b)(3); (d).

been sought during the appropriate fact discovery period, not after the Court has decided dispositive motions and trial is looming.[30]

Thus, the Court has determined that Brand Energy is entitled to an award of reasonable expenses and attorney's fees incurred in bringing this Motion for Protective Order against Attorney Grant, the attorney advising the conduct that has been found to be in violation of Rule 37(a)(5)(A). However, the Court recognizes that before any sanctions can be imposed against Attorney Grant under Rule 37(a)(5)(A), he must be provided with an opportunity to be heard on the issue of fees.[31] In order to fully inform the Court, and to provide Mr. Grant with the requisite opportunity to be heard, the parties are HEREBY ORDERED to make the following filings. **By November 1, 2012,** Brand Energy shall file with the Court an affidavit and cost memorandum detailing the reasonable expenses, including attorney's fees incurred in bringing the instant motion. By **November 8, 2012**, Attorney Grant shall file written memoranda responding to Brand Energy's affidavit that details his position on the issuance of expenses and attorney's fees. After receipt of those filings the Court will make a final determination concerning the amount of award of sanction against Attorney Grant.

In addition, although Brand Energy is being awarded attorney's fees and expenses for bringing this Motion, the Court is not inclined at this time to require that Granite not produce documents responsive to the subpoena or that any documents produced by the subpoena not be used at trial. It is important that Granite is not objecting to this subpoena. Further, the information sought from Granite may be useful at trial and if the parties can reach an agreement as to how such information can be exchanged, the Court is not inclined to not allow these

---

[30] As indicated above, Attorney Grant sent a letter to counsel for Brand Energy enclosing statements of Mr. Tucker and Mr. Farrer in November, 2011, almost a year before Bare subpoenaed either of these two witnesses. See Exh. 3, docket no. 70.

[31] See Fed. R. Civ. P. 37(a)(5)(A).

documents at trial. However, this allowance by the Court does not in any way condone the conduct of Attorney Grant. Bare had ample opportunity to obtain the information sought by the subpoena to Granite within the acceptable time for fact discovery but failed to do so. Bare also disregarded the orders of this Court with regard to the notice requirements governing subpoenas. Lastly, Bare's assertions to the Court regarding the reasons for opposition to Brand Energy's memorandum did not have complete factual support.

## **ORDER**

For the foregoing reasons, IT IS THEREFORE ORDERED that:

(1) Brand Energy's Expedited Motion for Protective Order and to Enforce Scheduling Order[32] is GRANTED.

(2) Brand Energy is awarded expenses and attorneys' fees in an amount to be determined upon the filing of the ordered submissions.

DATED this 24th day of October, 2012.

_Brooke C. Wells_
Brooke C. Wells
United States Magistrate Judge

---

[32] Docket no. 69.

10